UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-716 PA (SHKx) | Date | April 26, 2023 |
|---|---|---|---|
| Title | Patrick Joseph Neims, et al. v. Neovia Logistics Distribution, LP, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

The Court has reviewed the Notice of Removal filed by defendants Neovia Logistics Distribution, LP and Neovia Logistics Services, LLC (collectively "Defendants"). Defendants allege that this Court possesses diversity jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-716 PA (SHKx) | Date | April 26, 2023 |
|---|---|---|---|
| Title | Patrick Joseph Neims, et al. v. Neovia Logistics Distribution, LP, et al. | | |

    In the Notice of Removal, Defendants allege that Neovia Logistics Services, LLC "is a corporation originally incorporated under the laws of Delaware in 1987 as Caterpillar Logistics Services, LLC. . . . Neovia Logistics Services, LLC's current headquarters is in Texas and its executive management has directed, controlled and coordinated its activities from there." (Notice of Removal ¶ 12.) The Notice of Removal alleges that Neovia Logistics Distribution, LP "is also a Delaware corporation and purchased as part of an acquisition in 2013. Since 2013, Neovia Logistics Distribution, LP's headquarters have been in Texas and its executive management has directed, controlled, and coordinated its activities from there." (Id. ¶ 13.)

    Because entities with "LLC" in their names are usually limited liability companies, and those with "LP" in their names are usually limited partnerships, it is not clear from the Notice of Removal and the attached Declaration of Alan Calhoun if Defendants have accurately alleged their own citizenship. If Defendants are a limited liability company and a limited partnership, the allegations in the Notice of Removal, which alleges Defendants' citizenship as if they were corporations, would not adequately establish their citizenship or meet Defendants' burden to establish the Court's subject matter jurisdiction.

    The Court therefore orders Defendants to show cause in writing why this action should not be remanded to San Bernardino Superior Court for lack of subject matter jurisdiction. Defendants' Response to the Order to Show Cause shall be filed by no later than May 4, 2023. Defendants' Response shall include any necessary evidence of Defendants' citizenship, including a Declaration signed under penalty of perjury. Failure to timely or adequately respond to this Order to Show Cause may result in the remand of this action to San Bernardino Superior Court without further warning.

    IT IS SO ORDERED.