UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-716 PA (SHKx) | Date | June 14, 2023 |
|---|---|---|---|
| Title | Patrick Joseph Neims v. Neovia Logistics Distribution, LP, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

  Before the Court is a Motion to Remand filed by plaintiff Patrick Joseph Neims ("Plaintiff") (Docket No. 14). Plaintiff contends that the Notice of Removal filed by defendants Neovia Logistics Distribution, LP, and Neovia Logistics Services, LLC (collectively "Defendants") fails to satisfactorily establish that the amount in controversy exceeds the $5 million jurisdictional minimum for the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 26, 2023, is vacated, and the matter taken off calendar.

  Plaintiff filed his Complaint in San Bernardino Superior Court on October 28, 2022, and filed a First Amended Complaint ("1st AC") on March 22, 2023. Plaintiff served Defendants with the 1st AC on March 22, 2023. Defendants filed their Notice of Removal alleging that this Court possesses diversity jurisdiction over this action pursuant to CAFA on April 21, 2023. Plaintiff filed his Motion to Remand challenging the adequacy of the Notice of Removal's allegations concerning the amount in controversy on May 19, 2023.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA removals. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-716 PA (SHKx) | Date | June 14, 2023 |
|---|---|---|---|
| Title | Patrick Joseph Neims v. Neovia Logistics Distribution, LP, et al. | | |

      Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA.  See 28 U.S.C. § 1332(d)(2).  The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.  Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).  "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 82)).  However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)).  "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)).  "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.  "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

      Plaintiff's 1st AC alleges wage and hour claims on behalf of himself and a putative class. Specifically, Plaintiff alleges claims for:  (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2 and 1197]; (2) Failure to Pay Overtime Wages [Cal. Lab. Code §§ 1194, and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Reimburse Business Expenses; (6) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; (7) Failure to Pay Wages Timely During Employment; (8) Failure to Pay All Wages Due Upon Separation of Employment; (9) Unfair Business Practices [Cal. Bus. & Prof Code §§ 17200, et seq.]; and (10) Enforcement of California Labor Code § 2698, et seq. ("PAGA").

      According to the Notice of Removal, and the Declaration of Alan Calhoun ("Calhoun Decl.") submitted in support of the Notice of Removal, the putative class contains at least 1,878 employees in California who collectively worked approximately 132,260 workweeks during the class period with an average hourly rate of $19.25.  (Notice of Removal ¶ 21.)  For purposes of the 1st AC's claim for waiting time penalties for failure to pay all wages due upon separation, the Notice of Removal alleges that Defendants severed employment with at least 1,213

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-716 PA (SHKx) | Date | June 14, 2023 |
|---|---|---|---|
| Title | Patrick Joseph Neims v. Neovia Logistics Distribution, LP, et al. | | |

employees in California during the class period and that those severed employees' average hourly pay rate was $18.48, for a daily rate of $147.68. (Id. ¶ 22.) The Notice of Removal alleges that for the claim for waiting time penalties alone, the amount in controversy "is at least $5,374,075.20 ($18.46 per hour x 8 hours x 30 days x 1,213 putative class members).

 Plaintiff challenges the 100% violation rate and maximum 30 day penalty assumed by Defendants in their calculation of the amount in controversy for the waiting time penalty claim. In similar circumstances, the Ninth Circuit has explained that "it was not unreasonable for [the removing defendant] to assume that the vast majority (if not all) of the alleged violations over the four years at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty. The fact that a very small percentage of employees might possibly not be entitled to the maximum penalty is not an appropriate reason to dismiss altogether Defendant's estimate for this claim." Juaregui v. Roadrunner Transp. Servs., Inc., 28 F. 4th 989, 994 (9th Cir. 2022). While some of the other assumptions Defendants rely on in their Opposition to the Motion to Remand lack evidentiary support or a reasonable basis, the Court concludes that Defendants have satisfied their burden to establish that the waiting time penalty claim alone exceeds CAFA's amount in controversy requirement. Even if that claim did not exceed $5 million, and even at far lower violations rates than those assumed by Defendants, the value of those other claims, combined with the waiting time penalties and attorneys' fees, exceeds CAFA's jurisdictional minimum. See id. at 996 ("[T]he reason a defendant's assumption is rejected is because a different, better assumption is identified. Where that's the case, the district court should consider the claim under the better assumption—not just zero-out the claim.").

 For all of the foregoing reasons, the Court concludes that Defendants have satisfied their burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5 million as required for subject matter jurisdiction under CAFA. The Court therefore denies the Motion to Remand.

 IT IS SO ORDERED.