1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
FAWN F. BEKAM, State Bar No. 307312
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251
Email: fbekam@aegislawfirm.com

Attorneys for Plaintiff Patrick Joseph Neims,
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JOSEPH NEIMS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NEOVIA LOGISTICS DISTRIBUTION, LP; NEOVIA LOGISTICS SERVICES, LLC; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 5:23-cv-00716-PA (SHKx) <br><br> **OPPOSITION TO MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS AND REPRESENTATIVE CLAIMS, AND STAY PROCEEDINGS** <br><br> Date:         July 24, 2023 <br> Time:         1:30 p.m. <br> Courtroom:  9A |

OPPOSITION TO MOTION TO COMPEL ARBITRATION

1

**TABLES OF CONTENTS**

2

3  **I.    INTRODUCTION** ........................................................................... 1

4
   **II.   FACTUAL BACKGROUND** ........................................................... 1
5

6  **III.  THERE IS NO ENFORCEABLE AGREEMENT TO**

7        **ARBITRATE THIS DISPUTE** ...................................................... 1

8
         **A.    The FAA Does Not Apply Because Plaintiff is a**
9
               **Transportation Worker Engaged in Interstate Commerce** ........... 1
10

11       **B.    California Law Applies to this Dispute** .............................................. 3

12
         **C.    The Class Action Waiver is Unenforceable Under California**
13
               **Law** ................................................................................................. 4
14

15       **D.    Plaintiff's Wage Claims Cannot Be Compelled to**

16             **Arbitration Under Labor Code § 229** .............................................. 7

17
   **IV.  DEFENDANTS' ARBITRATION AGREEMENT REQUIRES**
18
        **THE PAGA CLAIMS TO REMAIN IN COURT IF THE COURT**
19
        **FINDS THAT THE PAGA WAIVER IS INVALID IN ANY**
20
        **RESPECT** ......................................................................................... 9
21

22  **V.    CONCLUSION** ............................................................................... 10

23

24

25

26

27

28

OPPOSITION TO MOTION TO COMPEL ARBITRATION

1

# TABLE OF AUTHORITIES

2

## <u>CASES</u>

3

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) .......................................... 5

4

*Bell v. Farmers Ins. Exchange*, 115 Cal.App.4th 715 (2004) ................................... 6

5

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) ........................................... 2

6

*Flores v. Axxis Network & Telecommunications, Inc.*, 173 Cal.App.4th
(2009) ................................................................................................................. 8

7

8

*Franco v. Athens Disposal Co., Inc.*, 171 Cal.App.4th 1277 (2009) ........................ 6

9

*Garcia v. Superior Court*, 236 Cal.App.4th 1138 (2015) ........................................ 7

10

*Garrido v. Air Liquide Indus. U.S. LP*, 241 Cal.App.4th 833 (2015) ............... 3, 5, 6

11

*Gentry v. Superior Court*, 42 Cal.4th 443 (2007) ............................................. 4, 6, 7

12

*Hoover v. American Life Ins. Co.*, 206 Cal.App.4th 1193 (2012) ............................ 8

13

*Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (2014) ........................ 5

*Lane v. Francis Capital Management, LLC*, 224 Cal.App.4th 676
(2014) ................................................................................................................. 8

14

15

*Meyer v. Irwin Industries, Inc.*, 723 F.Supp.2d 1237 (C.D. Cal. 2010) ................... 8

16

*Muro v. Cornerstone Staffing Sols., Inc.*, 20 Cal.App.5th 784 (2018) ..................... 5

17

*Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094 (2007) ................................ 8

18

*Nair v. Medline Indus., Inc.*, 2023 WL 2636464 (E.D. Cal. Mar. 24,
2023) ............................................................................................................. 2, 3

19

20

*Ortiz v. Randstad Inhouse Servs., LLC*, 2023 WL 2070833 (C.D. Cal.
Jan. 18, 2023) ............................................................................................... 2, 3

21

*Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020) .............................. 2, 3

22

*Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022) ........................................ 2

23

*Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005) ........................................... 8

24

*Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906 (2022) ........................... 9, 10

25

*Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 24 Cal.App.3d
35 (1972) ............................................................................................................ 8

26

27

*Zavala v. Scott Brothers Dairy, Inc.*, 143 Cal.App.4th 585 (2006) ......................... 8

28

OPPOSITION TO MOTION TO COMPEL ARBITRATION

1

**<u>Statutes</u>**

2

9 U.S.C. § 1 .......................................................................................................... 5

3

Labor Code § 229 ......................................................................................... 10, 11

4

5

Labor Code § 925 ............................................................................................ 6, 7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

OPPOSITION TO MOTION TO COMPEL ARBITRATION

I.   **INTRODUCTION**

It is well-established that transportation workers, including those who did not cross state lines themselves such as Plaintiff, are exempt from the provisions of the FAA. California law applies to Defendants Neovia Logistics Distribution, LP and Neovia Logistics Services, LLC's ("Defendants") arbitration agreement under Labor Code § 925, and California law prohibits arbitration of the claims Plaintiff asserts here. Therefore, Defendants arbitration agreement cannot be enforced, and their motion to compel arbitration must be denied in its entirety.

II.   **FACTUAL BACKGROUND**

Defendants admit that they are a "third-party logistics company" and operate "more than 100 facilities in over 30 countries across six continents." Declaration of Arturo Martinez in Support of Motion to Compel Individual Arbitration, Dismiss Class and Representative Claims, and Stay Proceedings ("Martinez Decl.") at ¶ 3. Defendants' business is the transportation of service parts to its clients. *Id*.

Plaintiff Patrick Joseph Neims ("Plaintiff") worked for Defendants from August 2021 to June 2022, at Defendants' Ontario, California warehouse as a material handling equipment operator. Declaration of Patrick Joseph Neims in Support of Opposition to Motion to Compel Individual Arbitration, Dismiss Class and Representative Claims, and Stay Proceedings ("Neims Decl.") at ¶ 3. In this position, Plaintiff's job was to load goods on the trucks that Defendants transported to their customers throughout the country. *Id*.

III.   **THERE IS NO ENFORCEABLE AGREEMENT TO ARBITRATE THIS DISPUTE**

      **A. The FAA Does Not Apply Because Plaintiff is a Transportation Worker Engaged in Interstate Commerce**

By its express terms, the FAA does not permit courts to compel the arbitration of employment contracts of interstate transportation workers: "nothing herein [] shall apply to contracts of employment of . . . any [] class of worker

engaged in foreign or interstate commerce." 9 U.S.C. § 1. Transportation workers have been defined as "workers ' "actually engaged in the movement of goods in interstate commerce." ' " *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112 (2001).

Here, Defendants' bread and butter (e.g., sole purpose) is the transportation of goods throughout, among other places, the United States. *See* Ramirez Decl. at ¶ 3. Plaintiff's job consisted of loading products to be transported in interstate commerce. *See* Neims Decl. at ¶ 3. Numerous courts that have considered the "transportation worker" exemption in this context have held that warehouse workers that work in the chain of transporting products are involved in a chain of interstate commerce. *See Nair v. Medline Indus., Inc.*, 2023 WL 2636464 (E.D. Cal. Mar. 24, 2023) (denying motion to compel arbitration under FAA § 1 where plaintiff worked as a warehouse operator for defendant, whose business was to deliver its products from its distribution centers to its customers), *appeal filed*, Apr. 20, 2023; *Ortiz v. Randstad Inhouse Servs., LLC*, 2023 WL 2070833, at *4 (C.D. Cal. Jan. 18, 2023) (denying motion to compel arbitration under FAA § 1 where plaintiff worked as a warehouse worker who used equipment to move products that arrived at defendant's warehouse), *appeal filed* Feb. 17, 2023.

Defendants may argue that not all class members actually cross state lines and thus do not qualify for the exemption. However, the Supreme Court and the Ninth Circuit have both addressed and rejected this contention. *See Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783, 1793 (2022) ("Loading and unloading cargo onto a vehicle so that it may be moved interstate, too, is actual transportation, and those who performed that work were recognized in 1925 to be engaged in commerce."); *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 915 (9th Cir. 2020) ("Accordingly, we conclude that §1 exempts transportation workers who are engaged in the movement of goods in interstate commerce, even if they do not cross state lines.").

OPPOSITION TO MOTION TO COMPEL ARBITRATION

1    Moreover, any attempt by Defendants to rely on the agreement's

2    incorporation of the FAA for the proposition that this Court must compel arbitration

3    only strengthens Plaintiff's argument as the agreement also adopts Section 1's

4    exemption of this dispute. *See Rittmann*, 971 F.3d at 919 ("Because we must give

5    effect to the parties' contract as written, the FAA does not apply because the

6    arbitration provision is still subject to the transportation worker exemption in §1.");

7    *Garrido v. Air Liquide Indus. U.S. LP*, 241 Cal.App.4th 833, 839-40 (2015), *review*

8    *denied* (Feb. 3, 2016), *cert. denied*, 137 S. Ct. 52, 196 L.Ed.2d 30 (2016) ("A

9    transportation worker's employment agreement does not become subject to the

10   FAA simply because the agreement declares that it is subject to the FAA . . . [b]y

11   stating that it is subject to and governed by the FAA, the agreement necessarily

12   incorporates section 1 of the FAA, which includes the exemption for transportation

13   workers.").

14   Accordingly, Plaintiff is exempt from the FAA's coverage provisions, and

15   cannot be compelled to arbitration pursuant to federal law. Whether any of the

16   putative class members' employment is subject to the FAA is not the subject of this

17   motion. *See Nair*, 2023 WL 2636464 at *3, n. 2 (citing *Ortiz*, 2023 WL 2070833, at

18   *4 ("Whether the FAA's transportation worker exemption, also, applies to all of the

19   putative class members, here, is beyond the scope of this motion.")).

20   **B. California Law Applies to this Dispute**

21   Defendant's arbitration agreement contains a choice of law provision that

22   purports to have the laws of the Delaware or Texas govern. Ramirez Decl. at ¶ 7 at

23   Section 2. Labor Code § 925, subdivision (a) provides: "An employer shall not

24   require an employee who primarily resides and works in California, as a condition

25   of employment, to agree to a provision that would . . . [d]eprive the employee of the

26   substantive protection of California law with respect to a controversy arising in

27   California." "Any provision of a contract that violates subdivision (a) is voidable by

28   the employee, and if a provision is rendered void at the request of the employee, the

-3-

matter shall be adjudicated in California and California law shall govern the dispute." *Id*. at subd. (b). This statute applies "to a contract entered into, modified, or extended on or after January 1, 2017." *Id*. at subd. (f).

Here, Defendants' choice of law provision must be voided pursuant to Labor Code § 925. There is no dispute that Plaintiff worked for Defendant in California and lived in California throughout his employment. There is also no dispute that Plaintiff was required to sign Defendants' arbitration agreement in order to be employed with it. *See* Ramirez Decl. at ¶ 7, Exhibit 1, Offer Letter ("Additionally, as a condition of your employment, you will be required to review and execute a Mutual Arbitration Agreement."). Finally, there is no dispute that Defendants' arbitration agreement was entered into after January 1, 2017. *See* Ramirez Decl. at ¶ 7, Exhibit 1.

### C. The Class Action Waiver is Unenforceable Under California Law

The arbitration agreement specifically reserves the determination of the validity of the class action waiver to the Court. *See* Ramirez Decl. at ¶ 7, Exhibit 1 at Section 6 ("Any question or dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator. Should a court determine that this prohibition on class, collective, representative, joint, or group actions is invalid for any reason, the parties hereby waive any right to arbitration of the class, collective, representative, joint, or group action at issue . . .")

In 2007, the California Supreme Court decided *Gentry v. Superior Court*, 42 Cal.4th 443 (2007). Under *Gentry*, when it is alleged that an employer has denied overtime pay to a class of employees and a class action is requested in spite of the fact that the arbitration agreement contains a class arbitration waiver, the district court must determine whether the class arbitration waiver clause if enforceable by considering four factors ("the Gentry factors"). If it concludes, based on those factors, that a class arbitration is likely to be a significantly more effective, practical

-4-

means of vindicating the rights of the affected employees than individual litigation or arbitration, and that disallowance of the class action will likely lead to a less comprehensive enforcement of overtime laws for the employees, the court must invalidate the class arbitration waiver to ensure that these employees can vindicate their unwaivable rights. *Id*. at 463.

In *Iskanian*, the California Supreme Court subsequently held that *Gentry's* rule against employment class waivers was preempted by the FAA. *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 364 (2014). The *Iskanian* Court held that under the logic of *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), the FAA preempts *Gentry's* rule against employment class waivers because class proceedings interfere with the fundamental attributes of arbitration and so a class waiver is valid even if an individual proceeding would be an ineffective means to prosecute certain claims.

**But Iskanian did not disapprove Gentry where the FAA does not apply**. "In light of *Iskanian*, if this matter were governed by the FAA, arbitration (on an individual basis) would likely be required. This matter is not subject to the FAA, however, and *Gentry's* holding has not been overturned under California law in situations where the FAA does not apply. We accordingly find that the agreement's class waiver provision is unenforceable." *Garrido*, 241 Cal.App.4th at 837. The *Gentry* factors continue to apply under California law post-*Iskanian* where the dispute is exempted from the FAA. *Id*. at 845 ("We believe that the *Gentry* rule likewise may be asserted in matters governed by the CAA and not the FAA. In *Iskanian*, our Supreme Court had the opportunity to comprehensively find *Gentry* invalidated. It did not do so. While *Iskanian* made clear that the *Gentry* rule is preempted by the FAA, it did not go beyond that finding. Therefore, the *Gentry* rule remains valid under the CAA."); *Muro v. Cornerstone Staffing Sols., Inc.*, 20 Cal.App.5th 784, 792 (2018) ("Because we have concluded the FAA is not applicable, the appropriate test under California law to determine whether to

-5-

enforce the 'class waiver' provisions of an arbitration agreement remains the four-part analysis under *Gentry*."). As explained in *Muro*, the *Gentry* test considers: (1) the modest size of the potential individual recovery; (2) the potential for retaliation against members of the class; (3) the fact that absent members of the class may be ill informed about their rights; and (4) other real world obstacles to the vindication of class members' rights through individual arbitration. As applies here, the class waiver is unenforceable.

First, "wage and hour cases will generally satisfy the 'modest' recovery factor because they 'usually involve[] workers at the lower end of the pay scale.'" *Garrido*, 241 Cal.App.4th at 846. citing *Gentry*, 42 Cal.4th at 457-58. Plaintiff's maximum recovery against Defendants would be $16,077.63. *See* Neims Decl. at ¶¶ 6-9. A potential award of as large of $27,000 has been found to satisfy the first *Gentry* factor requiring a modest size of potential recovery. *Bell v. Farmers Ins. Exchange*, 115 Cal.App.4th 715, 745-46 (2004).

Second, as the *Gentry* Court recognized, "retaining one's employment while brining formal legal action against one's employer is not 'a viable option for many employees.'" *Gentry*, 42 Cal.4th at 459. Plaintiff states that, had he known his statutory rights were being violated during his employment with Defendants, he would not have been willing to bring a lawsuit because of fear of retaliation. *See* Neims Decl. at ¶ 5. Similar evidence has been found to adequately demonstrate the potential for retaliation. *See Franco v. Athens Disposal Co., Inc.*, 171 Cal.App.4th 1277, 1296 (2009) (relying on plaintiff's declaration stating he felt he would be fired if he complained).

Third, *Gentry* noted that "it may often be the case that the illegal employer conduct escapes the attention of employees" and "some individual employees may not sue because they are unaware that their legal rights have been violated." 42 Cal.4th at 46. Plaintiff was not aware of his rights under the Labor Code while employed by Defendants. *See* Neims Decl. at ¶ 5.

1    Finally, *Gentry* reasoned that a "requirement that numerous employees
2    suffering from the same illegal practice each separately prove the employer's
3    wrongdoing is an inefficiency that may substantially drive up the costs of
4    arbitration and diminish the prospect that the overtime laws will be enforced." *Id*. at
5    459. Here, Defendants admit that they made signing an arbitration agreement a
6    condition of employment. *See* Ramirez Decl. at ¶ 7, Exhibit 1, Offer Letter. The
7    instant case involves precisely the sort of arbitration agreement with a class action
8    waiver entered into as a condition of employment by low-wage, limited-information
9    employees in vulnerable, at-will employment environments that *Gentry* clearly held
10   was unenforceable.

11   In light of the above, a class proceeding would be a significantly more
12   effective way of allowing employees to vindicate their statutory rights. Staffmark
13   has moved exclusively for individual, not class, arbitration, and neither party has
14   indicated an intent or willingness to engage in class arbitration. Because all of the
15   *Gentry* factors are satisfied, the class waiver is unenforceable under California law
16   and Defendants' Motion must be denied.

17   **D. Plaintiff's Wage Claims Cannot Be Compelled to Arbitration**
18   **Under Labor Code § 229**

19   When the FAA does not preempt California law, arbitration provisions are
20   trumped by Labor Code § 229 and its administrative and judicial procedures.
21   *Garcia v. Superior Court*, 236 Cal.App.4th 1138, 1146-47 (2015). In *Garcia*, the
22   Court of Appeal granted a petition for writ of mandamus seeking to overturn an
23   order compelling a case to arbitration where truck drivers claimed, *inter alia*,
24   unpaid minimum wages, based on an underlying misclassification theory. The
25   Court of Appeal held that because the FAA did not preempt California law, state
26   minimum wage claims would be exempt from arbitration under Labor Code § 229.
27   *Id*. at 1145-49.

28   Labor Code § 229 states, "Action to enforce the provisions of this article for

-7-

OPPOSITION TO MOTION TO COMPEL ARBITRATION

the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate." "The intent is to assure a judicial forum where there exists a dispute as to wages, notwithstanding the strong public policy favoring arbitration." *Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 24 Cal.App.3d 35, 43 (1972); *Flores v. Axxis Network & Telecommunications, Inc.*, 173 Cal.App.4th 802, 811 (2009); *see also Lane v. Francis Capital Management, LLC*, 224 Cal.App.4th 676 (2014). Courts have interpreted Labor Code § 229 to mean a court may not compel arbitration of non-waivable statutory rights to the payment of wages, despite the existence of any arbitration agreement where, as here, a defendant fails to meet its burden of demonstrating FAA coverage. *Hoover v. American Life Ins. Co.*, 206 Cal.App.4th 1193, 1207 (2012) (concluding where the defendant failed to meet its burden to show a transaction evidencing interstate commerce, "an individual arbitration agreement also does not apply to an action to enforce statutes governing collection of unpaid wages."); *see also Zavala v. Scott Brothers Dairy, Inc.*, 143 Cal.App.4th 585, 594 (2006) (statutory meal and rest break claims were not subject to arbitration provision in CBA); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1081 (9th Cir. 2005) (statutory meal period claims not subject to arbitration provision in CBA); *Meyer v. Irwin Industries, Inc.*, 723 F.Supp.2d 1237 (C.D. Cal. 2010) (statutory claims for wage and hour violations not subject to arbitration provision in CBA).

Because this action is seeking unpaid wages (including minimum and overtime wages) and failure to timely pay wages claims, it falls under the purview of Labor Code § 229. Moreover, as established by the California Supreme Court, the premiums sought in Plaintiff's complaint under Labor Code §§ 226.7 and 512 constitute wages and are thus also not subject to the arbitration provision. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1102 (2007). Defendants therefore cannot compel enforcement of the arbitration provision under California law.

///

OPPOSITION TO MOTION TO COMPEL ARBITRATION

**IV.   DEFENDANTS' ARBITRATION AGREEMENT REQUIRES THE PAGA CLAIMS TO REMAIN IN COURT IF THE COURT FINDS THAT THE PAGA WAIVER IS INVALID IN ANY RESPECT**

Defendants ignore the specific provision of their arbitration agreement requiring PAGA claims to be brought in court, and argue that *Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906 (2022) requires this Court to compel arbitration of Plaintiff's individual PAGA claim and dismiss the representative PAGA claim. Defendants' arbitration agreement contains a wholesale waiver of the right to bring a PAGA claim in any forum:

> *The arbitrator is prohibited from consolidating the claims of others into one proceeding, to the maximum extent permitted by applicable law. This means an arbitrator shall hear only individual claims and is prohibited from fashioning a proceeding as a class, collective, representative, joint, or group action or awarding relief to a group of claimants or employees in one proceeding, to the maximum extent permitted by applicable law*.

Ramirez Decl. at ¶ 7, Exhibit 1 at Section 6 (emphasis in original). The arbitration agreement goes on to provide that if a court determines that the waiver of the right to bring a representative claim is unwaivable, which it is, "the parties hereby waive any right to arbitration of the . . . representative . . . action at issue and instead agree and stipulate that such claims will be heard only by a judge and not an arbitrator *or jury*, to the maximum extent permitted by applicable law." *Id.* (emphasis in original).

Like here, the arbitration agreement at issue in *Viking* contained a wholesale waiver of the right to bring a PAGA claim in any forum. *Viking*, 142 S.Ct. at 1910. While the Supreme Court held that the FAA preempted the rule prohibiting PAGA claims from being split into arbitrable and non-arbitrable claims, it affirmed the California law prohibiting wholesale waivers of the right to bring PAGA claims in any forum. *Id.* at 1924-1925. Because the arbitration agreement in *Viking* contained a wholesale waiver of the right to bring a PAGA claim, and a severance provision that required that ***any*** valid part of its PAGA waiver must be enforced in arbitration,

-9-

1  the Supreme Court severed the unlawful portion of the waiver (e.g., the wholesale

2  waiver) and enforced the remainder in arbitration (e.g., the plaintiff's individual

3  PAGA claim). *Id.* at 1925.

4      Here, ***unlike*** the arbitration agreement in *Viking*, Defendants' arbitration

5  agreement contains no provision requiring any part of their PAGA waiver to be

6  enforced in arbitration, which remains invalid. Rather, the arbitration agreement

7  expressly states that "***should a court determine that this prohibition on . . .***

8  ***representative . . . action is invalid for any reason, the parties hereby waive any***

9  ***right to arbitration of the . . . representative . . . action at issue***." Ramirez Decl. at

10  ¶ 7, Exhibit 1 at Section 6 (emphasis added). Because the PAGA waiver is

11  unenforceable, the entirety of the PAGA claim must proceed in Court pursuant to

12  the terms of the parties' arbitration agreement, and no portion of it may be

13  dismissed.

14  **V.    CONCLUSION**

15      For the foregoing reasons, Plaintiff respectfully requests that the Court deny

16  Defendants' Motion in its entirety.

17

18  Dated:  July 3, 2023                    **AEGIS LAW FIRM, PC**

19

20                                  By: /s/ Fawn F. Bekam
                                        Fawn F. Bekam
21                                      Attorneys for Plaintiff Patrick Joseph
                                        Neims
22

23

24

25

26

27

28

-10-

OPPOSITION TO MOTION TO COMPEL ARBITRATION